ACCEPTED
041400836CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2014 4:42:00 PM
KEITH HOTTLE
CLERK

## No. 04-14-00836-CR

IN THE
FOURTH COURT OF APPEALS OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2014 4:42:00 PM
KEITH E. HOTTLE
Clerk

**MICHAEL MACIEL,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

## RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL PURSUANT RULE 25.2(d) OF THE TEXAS RULES OF APPELLATE PROCEDURE

TO THE HONORABLE COURT OF APPEALS:

Comes now MICHAEL MACIEL, Appellant, by and through undersigned counsel, in reply to the ORDER of this Honorable Court dated December 15, 2014, shows the Court the following:

I. <u>Procedural history:</u>

Appellant was charged by information in cause number 2014-CR-9607W with Theft $1,500 to $20,000, which was a reduction from the original charge of Burglary of a Habitation. (CR at 4). The primary offense was alleged to have been committed in Bexar County, Texas, on or about July 6, 2013. On November 13, 2014, pursuant to a written plea agreement with the State, Appellant pleaded "guilty". The parties agreed that punishment would be assessed at 1 year and that

the sentence would run concurrent with 2014-CR-4964B. (CR at 14). As part of the plea agreement, Appellant agreed in writing to waive the right of appeal. (CR at 11 & 14). The trial court approved Appellant's waiver and voluntary relinquishment of his known rights in this case, including the right of appeal. (CR at 13).

On November 13, 2014, the trial court, the Honorable Raymond Angelini presiding, followed the terms of the plea agreement and sentenced Appellant to 1 year of imprisonment. (CR at 45). The trial court also imposed court costs of $254.00. (CR at 45).

The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR at 44). By his signature, Appellant acknowledged that he was informed that he has no right of appeal in this case. (CR at 44). The clerk's record reflects that the trial court did not rule on any pretrial motions in Appellant's case. (CR at 51).

Appellant timely filed a pro se notice of appeal with the District Clerk on December 2, 2014. (CR at 47). On December 3, 2014, the trial court appointed the Anthony J Colton to represent Appellant in this attempted appeal. (CR at 50). On December 11, 2014, this Court ordered the trial court clerk to prepare a limited clerk's record because the Trial Court's Certification of Defendant's Right of Appeal reflects that this is a plea-bargain case and that the trial court certified that

Appellant "has NO right of appeal." The clerk's record was filed December 12, 2014.

On December 15, 2014, this Court ORDERED that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless Appellant causes an amended trial court certification (showing that Appellant has the right of appeal) to be filed by January 15, 2015. This is court-appointed counsel's response to the Court's ORDER.

II. No right of appeal:

In a plea-bargain case where the sentence does not exceed the agreed-upon punishment, the defendant may appeal only matters raised by written motion *and ruled upon* before trial, or after getting the trial court's permission to appeal. *See* TEX.R.APP.P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX.R.APP.P. 25.2(d).

This was a plea-bargain case. As noted above, the clerk's record shows that Appellant pleaded "guilty" to the information pursuant to the terms of a written plea agreement with the State. (CR at 14). The trial court followed that plea agreement in sentencing Appellant to 1 year of imprisonment. (CR at 45). The trial court accurately certified that this is a plea-bargain case, and Appellant has "NO

3

right of appeal." (CR at 44). Appellant signed that notice. (CR at 44). Additionally, no written pretrial motions were filed *and ruled upon* before the plea-entry hearing. (CR at 51). For these reasons, the trial court's certification of the defendant's right of appeal accurately reflects that this is a plea-bargain case, the terms of the plea bargain were followed, and Appellant has no right of appeal.

Further, a defendant may waive the right of appeal, as long as the waiver is made "voluntarily, knowingly, and intelligently." *See* TEX.CODE CRIM. PROC. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law."); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex.Crim.App. 2009).

In short, the record shows that Appellant waived the right of appeal in writing as part of the plea agreement, and the trial court approved that waiver. (CR at 44). Undersigned counsel can identify nothing in the clerk's record to show that the trial court failed to follow the terms of the plea bargain, and nothing shows that Appellant's waiver of the right of appeal was involuntary. If Appellant now wishes to argue that his plea was involuntary he will have to raise that argument in a post-conviction writ. He cannot make that argument in this attempted appeal. *See* TEX.R.APP.P. 25.2(a)(2).

4

III. No jurisdiction:

Because Appellant has validly waived the right of appeal, this Court has not acquired jurisdiction over this case. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex.Crim.App. 2014)("...because Appellant had validly waived his right to appeal, the court of appeals never acquired jurisdiction.").

IV. No amended trial court certification will be sought by counsel:

The undersigned attorney has reviewed the clerk's record of this case and can find no right of appeal for Appellant. No pretrial motions were filed *and ruled upon* by the trial court before Appellant entered his negotiated plea. Nothing in the record suggests that the trial court gave Appellant permission to appeal. In fact, as noted above, Appellant explicitly waived the right of appeal in writing as part of the plea agreement. (CR at 44). Undersigned counsel can find no reason to seek an amended certification from the trial court that would give Appellant the right of appeal. Therefore, the undersigned cannot prevent this Court from dismissing this attempted appeal. Undersigned counsel also cannot raise legal claims on Appellant's behalf in this attempted direct appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006)(where defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims).

## V. Relief available to Appellant:

Although the Court of Appeals will dismiss this this appeal, Appellant may still challenge his conviction *after the mandate issues* by filing an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. Appellant may also seek relief by filing an original petition for a writ of certiorari with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 4.04 (West 2005), and TEX. CONST. art. V, § 5. However, undersigned counsel is appointed to represent Appellant on this attempted direct appeal only. He will not represent or assist Appellant with any post-conviction or original-proceeding challenges to his conviction and sentence in this cause. Appellant will have to pursue those remedies *pro se*, or with retained counsel.

WHEREFORE, Appellant, by and through undersigned counsel, is compelled to concede that Appellant has no right of appeal from the underlying criminal case, and must also concede that the Honorable Court of Appeals may dismiss this appeal for that reason.

Respectfully submitted,

/s/ Anthony J. Colton

ANTHONY J. COLTON
State Bar No. 24064564
301 Fair Ave
San Antonio, Texas 78223
(210) 593-8717
FAX (210) 532-9042
acolton@coltonlawfirm.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE AND COMPLIANCE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been delivered electronically to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 370, San Antonio, Texas 78205, on **December 29, 2014**. The total word count is 1,156, not including the appendix.

/s/ Anthony J. Colton

ANTHONY J. COLTON

Appendix A:  Trial Court's Certification of Defendant's Right of Appeal



No. 2014CR91007W

| The State of Texas | § | In the 187 District Court |
| vs. | § | of |
| Michael Maciel | § | Bexar County, Texas |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐ is not a plea-bargain case, and the defendant has the right of appeal; (or)

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (or)

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (or)

☑ is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐ is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction; (or)

☐ is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal; (or)

☐ is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal; (or)

☐ is one in which the defendant has waived the right of appeal.

_____
**JUDGE**

_____11-13-14_____
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2.

X Michael Maciel
**DEFENDANT**

Mailing address:_____
Telephone number:_____

Fax number if any:_____

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currenty living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

**ATTORNEY FOR DEFENDANT**

Bar number:____18343600____
Mailing address:_13750 San Pedro_
_____SA TX 78232_____
Telephone:_735.1105_
Fax:_____

*"A defendant in a criminal case has the right of appeal under Code of Criminal Procedure Article 44.02 and these rules. This trial court shall enter a certification of the defendant's right of appeal each time it enters a judgement of guilt or other appealable order. In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contedere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF OF APPELLATE PROCEDURE 25.2(a)(2).

44